# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| PATRICK CHAREST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:12-cv-02844-RDP-TMP |
| | ) |
| BILLY MITCHEM, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Patrick Charest, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged during his incarceration at Limestone Correctional Facility in Harvest, Alabama.[1] Plaintiff is currently incarcerated at Fountain Correctional Facility in Atmore, Alabama. Plaintiff names as defendants former Warden Billy Mitchem, Dianne Hunt, Correctional Officer Stacey George, and Correctional Medical Services, Inc. Plaintiff seeks injunctive relief. In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1),

---

[1] Plaintiff originally filed his complaint in Montgomery County Circuit Court on December 27, 2011. (Doc. 1, Ex. 2.) On July 2, 2012, Defendant Billy Mitchem removed the case to the United States District Court for the Middle District of Alabama. (Doc. 1.) On August 28, 2012, the case was transferred to this court. (Doc. 1, Ex. 11.)

the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation.  *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  Thus, under § 1915A, the court may *sua sponte* dismiss a prisoner's complaint prior to service.  Nevertheless, in order to protect a *pro se* prisoner's right of access to the courts, these complaints are read by less stringent standards than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).

## **FACTUAL ALLEGATIONS**

While housed in Fountain Correctional Facility from 1995 to 2005, plaintiff was classified as a chronic care patient due to high blood pressure, hypertension, and "stomach problems." (Doc. 1, Ex. 2, Compl. at 13.)  Plaintiff was prescribed a specialized diet.  *Id*.  Upon plaintiff's transfer to Limestone Correctional Facility in the spring of 2005, Dr. Bosserman renewed plaintiff's specialized diet.  *Id*.

On or about October 13, 2005, unknown prison or medical employees called Limestone's kitchen and had plaintiff removed from the chronic care prescribed diet list. *Id*. Plaintiff complained to Warden Wise and Dr. Bosserman. *Id*. ADOC employees and kitchen stewards told plaintiff he had to sign up for sick call to request the special diet. *Id*. at 14.

During plaintiff's temporary transfer to the Baldwin County Jail from February 20, 2008, to March 19, 2008, ADOC officials again discontinued his specialized diet. (Doc. 1, Ex. 2, Compl. at 14.) However, Nurse Shahla reinstated plaintiff's diet. *Id*.

Between 2008 and 2009, plaintiff complained to medical staff that he was suffering from abdominal pain and constant bleeding. *Id*. He was taken to a free world hospital and underwent an "intestinal tract cleansing." *Id*. A physician instructed plaintiff to not eat meat, only vegetables. *Id*. Plaintiff informed medical staff at Limestone of the physician's instructions. *Id*.

On March 6, 2010, Assistant Stewart Mrs. Deluna told plaintiff that his specialized diet had again been discontinued. (Doc. 1, Ex. 2, Compl. at 15.) Plaintiff presented to the medical department and complained that he was hungry as a result of not receiving adequate food. *Id*. Mrs. Dianne Hunt informed plaintiff that Warden Billy Mitchem discontinued his specialized diet because of budget cuts and

overcrowding. *Id*. Plaintiff filed a grievance alleging that his constitutional rights were being violated and requested that Mitchem and Hunt reinstate his diet. *Id*.

On March 8, 2010, plaintiff's specialized diet was reinstated from March 8, 2010, through September 8, 2010. (Doc. 1, Ex. 2, Compl. at 16.) Upon expiration, Nurse Debra Means renewed plaintiff's diet from September 16, 2010, through March 11, 2011. *Id*. However, medical staff informed him that he needed to sign up for sick call and pay the $3.00 co-pay before CMS would give him the diet card. *Id*. From March 14, 2011, to March 14, 2012, plaintiff's specialized diet was renewed. *Id*.

On November 16, 2011, plaintiff wrote Warden Mitchem and informed him that Officer Stacey George was stealing supplies from the prison law library. (Doc. 1, Ex. 2, Compl. at 17; Ex. 9 at 18-24.) Captain Smith investigated plaintiff's claim against George and assured him that he would not be retaliated against for giving information concerning Officer George. (Doc. 1, Ex. 2, Compl. at 17.) On November 21, 2011, Officer Palmer told plaintiff at chow hall that Warden Mitchem had again discontinued plaintiff's specialized diet. (Doc. 1, Ex. 2, Compl. at 18.) Plaintiff filed a grievance concerning the discontinuation of his diet. *Id*.

Plaintiff began experiencing pain and bleeding. *Id*. He signed up for sick call and a nurse told him Dr. Barnett would see him, but plaintiff was not seen. *Id*. On

December 14, 2011, Dianne Hunt wrote plaintiff stating that the doctor reviewed plaintiff's medical chart and "deem[ed] no medical necessity for special diet at this time." *Id*.

On March 14, 2012, Nurse Means advised plaintiff that CMS could no longer give inmates a copy of their diet card because Dianne Hunt stated that it caused "problems" for prison and kitchen staffers. *Id*.

## DISCUSSION

Plaintiff alleges that defendants wrongfully terminated his specialized diet in violation of his constitutional rights. For relief, plaintiff requests a writ of mandamus prohibiting defendants from interfering with his prescribed specialized diet, but he does not ask for monetary damages.

At the time plaintiff filed his complaint in the Montgomery County Circuit Court in December 2011, he was incarcerated at Limestone Correctional Facility. However, he has since been transferred to Fountain Correctional Facility in Atmore, Alabama, and is no longer under the direct supervision of the defendants in this case. "Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred." *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). "Past exposure

5

to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury." *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985). Because plaintiff is no longer incarcerated at Limestone Correctional Facility and has alleged no present injury or immediate threat of repeated injury concerning these defendants, his requests for injunctive or mandamus relief are moot. Any order that might be entered by the court with respect to these defendants would not affect the diet he currently receives at Fountain. Therefore, plaintiff's claims against these defendants are due to be dismissed for lack of an existing case or controversy.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Accordingly, for the reasons stated above, the magistrate judge RECOMMENDS that this action be DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2).

Plaintiff may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written

objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  IT IS NOT NECESSARY FOR PLAINTIFF TO REPEAT HIS LEGAL ARGUMENTS.  AS TO THE FACTS, IF PLAINTIFF DOES RESPOND, HE SHOULD LIMIT HIMSELF TO ADDRESSING THE STATEMENTS OF FACT CONTAINED IN THE REPORT AND RECOMMENDATION TO WHICH HE OBJECTS; THE FILING OF OBJECTIONS IS NOT A PROPER VEHICLE TO MAKE NEW ALLEGATIONS OR PRESENT ADDITIONAL EVIDENCE.  Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the plaintiff.

DATED this 5th day of September, 2013.

_____
T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE