IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATRICK JOSEPH CHAREST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:12-cv-02844-RDP-TMP |
| ) | |
| BILLY MITCHEM, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF OPINION

Plaintiff has filed a *pro se* complaint alleging that Defendants at Limestone Correctional Facility wrongfully terminated his medical diet. (Doc. 1, Ex. 2). For relief, Plaintiff requests only a writ of mandamus prohibiting officials at Limestone from interfering with his medical diet. *Id*.

The Magistrate Judge filed a Report and Recommendation on September 5, 2013, recommending that this action be dismissed pursuant to 28 U.S.C. § 1915A(b). (Doc. 10). Specifically, the Magistrate Judge determined that Plaintiff's request for injunctive relief is moot in light of his transfer from Limestone Correctional Facility to Fountain Correctional Facility. *Id*. Plaintiff filed objections to the Report and Recommendation on September 18, 2013. (Doc. 12).

In his objections, Plaintiff alleges that officials at Fountain are now interfering with his medical diet.[1] Plaintiff argues that the present action should not be dismissed because the Alabama Department of Corrections is directing its employees to reduce the number of medical diets. As a result, Plaintiff contends that prison officials will continue to interfere with his medical diet regardless of his place of confinement within the ADOC.

To the extent Plaintiff claims that the ADOC has violated his constitutional rights by reducing medical diets, it is well settled that the Eleventh Amendment to the United States Constitution bars § 1983 claims in federal court against the state or an agency of the state. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *see also Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984). Therefore, Plaintiff cannot maintain a cause of action against the ADOC.

To obtain injunctive relief, Plaintiff must name as Defendants those individuals who personally violated his rights. Plaintiff has not amended his complaint to name the Fountain officials he asserts are interfering now with his diet. Because neither ADOC or Fountain officials are parties to the present lawsuit, the court cannot take any action against them based on Plaintiff's allegations that his medical diet has been discontinued.

Even if Plaintiff had named these individuals as Defendants in an amended complaint, venue would not be proper in the Northern District of Alabama. A civil rights action may be brought only in the judicial district (1) where at least one of the defendants resides or (2) where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). *See Jones v.*

---

[1] Plaintiff alleges that Dr. Iliff informed him that the Alabama Department of Corrections (ADOC) has been pressuring him to reduce medical diets at Fountain. (Doc. 12 at 13). Plaintiff claims that ADOC Associate Commissioner of Health Services Ruth Naglich, Warden White, and Kitchen Steward Mary Arnold are responsible for discontinuing the diets, not medical staff. *Id.*

…

*Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973); *Daugherty v. Procunier*, 456 F.2d 97 (9th Cir. 1972).  The actions of which Plaintiff currently complains are occurring at Fountain which is located in the Southern District of Alabama.  Because none of the present Defendants are now subject to injunctive relief, dismissal of the instant case without prejudice to the right of Plaintiff to file a new lawsuit against Defendants at Fountain, rather than transfer of venue, is the proper course.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and the objections thereto, the court is of the opinion that the Magistrate Judge's Report is due to be and is hereby **ADOPTED** and the Recommendation is **ACCEPTED**.  Accordingly, the complaint is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for mootness with respect to Defendants in this action.

A Final Judgment will be entered.

**DONE** and **ORDERED** this      25th      day of September, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE